UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------- x
WEN LIN LIU,
*on behalf of himself and others similarly situated,*
Plaintiff,

v. Case No. 25-cv-00990

LITTLE LOTUS LLC
d/b/a Little Lotus;
ALLIANCE RESTAURANT GROUP LLC
d/b/a Red Lotus;
LAWRENCE Y. WANG
a/k/a Larry Wang; and
BILIAN CHEN
a/k/a Bi Lian Chen
a/k/a Nia Chen
Defendants.
------------------------------------------------------------------- x

# THE PARTIES' JOINT FOURTH MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

Pursuant to D. Conn. L. Civ. R. 7(b) and Fed. R. Civ. P. 16(b)(4), Plaintiff WEN LIN LIU, jointly with the Defendants, respectfully move this Court for an extension of the fact discovery deadline anchored to the decision date on the Plaintiff's Motion for Conditional Class Certification. Particularly, the parties move to extend the discovery cutoff from June 19, 2026 to thirty (30) days after the Court order granting or denying of the Plaintiff's the Motion for Conditional Collective Certification, thirty (30) days after the Notice of Pendency Period so that both parties will not expend resources on a second deposition of either party.

## I. PROCEDURAL BACKGROUND.

By Order dated June 21, 2025, the Court initially set December 22, 2025, as the deadline to complete discovery. On December 23, 2025, the Court granted Defendants' first consent motion for an extension, moving the deadline to February 20, 2026. On February 20, 2026, the Court approved a stipulation extending the time to complete discovery for a second time, setting the deadline of April 21, 2026. On April 22, 2026, the Court approved the Defendant's third Motion for Extension to complete discovery setting the current deadline to June 19, 2026. This represents the parties' fourth request for an extension of the discovery deadline.

## II. GOOD CAUSE SUPPORTS THE EXTENSION.

Good cause exists to grant this extension. The parties have actively progressed in discovery and have successfully exchanged written discovery requests and responses. On March 16, 2026, Plaintiff filed a Motion for Conditional Collective Certification under section 16(b) the Fair Labor Standards Act, which became fully briefed following Plaintiff's reply on April 19, 2026. Because this motion remains pending before the Court, the ultimate scope of this litigation is not yet defined. Depending on the Court's forthcoming ruling on the certification motion, additional written discovery will likely be needed. Extending the discovery deadline now to allow for one set of depositions be conducted once the notice of pendency has ended (or within 30 days of the decision on the motion if it is denied) is a pragmatic approach that will conserve the resources of both the parties and the Court, avoiding piecemeal discovery disputes while the parties await the Court's guidance.

**The parties jointly make this application in good faith, not for the purpose of undue delay, and submit that the requested enlargement will promote the orderly and efficient determination of this action.**

**WHEREFORE, Plaintiffs respectfully request that the Court grant this Motion and extend the deadline to complete fact discovery by thirty (30) days after the Court order on the Motion for Conditional Collective Certification, and for such other and further relief as the Court deems just and proper.**

**Dated: Flushing, New York**

**June 5, 2026**

**TROY LAW, PLLC**
***Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class***

**/s/ John Troy**
**John Troy**