**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **Wen Lin Liu,**<br>**Plaintiff,**<br><br>**v.**<br><br>**Little Lotus LLC, et al.,**<br>**Defendants.** | No. 3:25-cv-00990 (SRU) |

**ORDER ON PENDING MOTIONS**

The plaintiff, Wen Lin Liu, alleges that the defendants—Alliance Restaurant Group LLC ("Red Lotus"), Little Lotus LLC ("Little Lotus"), Lawrence Y. Wang, and Bilian Chen—willfully violated the Fair Labor Standards Act ("FLSA") and the Connecticut Minimum Wage Act ("CMWA"). Specifically, he claims that the defendants failed to pay overtime compensation to employees who worked over 40 hours each workweek. In support of his FLSA claim,[1] Liu moves for conditional collective action certification, court-authorized notice to employees similarly situated to him, and for the defendants to disclose the contact information of their employees so that Liu may contact potential opt-in plaintiffs. *See* Mot. for Conditional Collective Certification, Doc. No. 23.

For the following reasons, Liu's Motion for Conditional Collective Certification, Doc. No. 23, is GRANTED with regard to Red Lotus, but DENIED with regard to Little Lotus. I authorize notice to similarly-situated employees of Red Lotus, but I limit the extent to which Red Lotus must make those employees' contact information available to Liu.

## I. Background

[1] Because Liu's pending motion focuses solely on the FLSA, my decision today does not consider Liu's CMWA claim.

Red Lotus and Little Lotus are sushi restaurants located in Shelton and New Haven, Connecticut, respectively. *See* Compl., Doc. No. 1, ¶¶ 8, 9, 12, 16. Both restaurants are organized as domestic business corporations under the laws of Connecticut, have gross sales in excess of $500,000 per year, and purchase and handle goods moved in interstate commerce. *Id.* ¶¶ 9-14. Red Lotus's principal address is 872 Bridgeport Avenue, Shelton, CT 06484, and Little Lotus's principal address is 98 South Water Street, New Haven, CT 06519. *Id.* ¶¶ 9, 12.

Red Lotus employs 17 or 18 workers at any given time. *Id.* ¶ 16. From October 11, 2024 until February 3, 2025, Liu worked as one of Red Lotus's sushi chefs. *Id.* ¶ 8. During his time at Red Lotus, Liu usually worked 5.5 days per week for an average of 63.17 hours each week. *Id.* ¶ 50. His primary duties were not executive, administrative, or professional, and he was therefore a non-exempt employee under the FLSA. *Id.* ¶¶ 40-41. For weeks that he worked 5.5 days, Liu was paid a flat rate of $1,237.50. *Id.* ¶ 56. For weeks that he worked 6 days, he was paid $1,400. *Id.* ¶ 57. Liu and the Defendants "did not reach any mutual understanding as to the number of hours the flat weekly salary was supposed to cover." *Id.* ¶ 58. Under his pay arrangement, Liu was "only compensated . . . for the first 40 hours of his work each week," *id.* ¶ 61, and did not receive overtime pay as required under the FLSA. *See id.* ¶ 62.

Liu alleges that the same was true for many of his coworkers. Mem. of L. in Supp. of Mot. for Conditional Certification, Doc. No. 25, at 2. He learned that information by "observ[ing] the working hours of each of [his coworkers]," Pl.'s Aff., Doc. No. 24-2, ¶ 26, and speaking with some of them about their pay. *See id.* ¶¶ 32-36 (noting that he asked his coworker Yajie Zhan a/k/a Jay "about his pay, and [Yajie Zhan a/k/a Jay] responded that he was paid $1,300 per week without regard to the number of hours that he worked each week"), ¶¶ 57-59

(commenting that his coworker Andy worked an average of 62 hours per week and told Liu that he was paid $1,600 per week).

Lawrence Y. Wang and Bilian Chen, both of whom are also named as defendants, supervised Liu and the other employees at Red Lotus. Compl., Doc. No. 1, ¶¶ 17, 26. Wang "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records" at both Red Lotus and Little Lotus. *Id.* ¶ 17. Wang allegedly hired, and later fired, Liu. *Id.* ¶¶ 18-19. Chen "is the Principal and Managing Member" of both entities. *Id.* ¶ 36.

Liu alleges that the Defendants did not keep or maintain time-in and time-out records of his or other employees' hours worked per day and per week. *Id.* ¶ 42. He also claims that the Defendants "failed to keep full and accurate records of [his and other employees'] hours and wages" to "mitigate liability for their wage violations." *Id.* ¶¶ 45-46. According to Liu, the "Defendants knew the nonpayment of overtime pay would financially injure Plaintiffs and similarly situated employees and violate state and federal laws," *id.* ¶ 47, and "knowingly and willfully failed" to pay overtime compensation to Liu and other similarly situated employees. *Id.* ¶ 48.

Little Lotus did not begin operating as a restaurant until after Liu left Red Lotus. Mem. of L. in Opp'n to Pl.'s Mot. for Conditional Collective Action Certification, Doc. No. 26, at 11. Nonetheless, Liu claims that Little Lotus is rightfully a defendant in this action because Little Lotus and Red Lotus formed a single integrated enterprise. Mem. of L. in Supp. of Mot. for Conditional Certification, Doc. No. 25, at 13. In support of his assertion, Liu alleges that both "corporate defendants were jointly operated by the individual defendants, who together

centralized, controlled, and implemented a unified scheme of labor relations." Compl., Doc. No. 1, ¶ 35. He also claims that the two corporate defendants "share[d] supplies and materials," *id.* ¶ 37, and that Little Lotus used Red Lotus "to buy materials and restaurant equipment ahead of [Little Lotus's] opening." *Id.* ¶ 30.

Liu further alleges that employees of Red Lotus were often also employees of Little Lotus. In support of that allegation, Liu mentions that his coworker, Yajie Zhan a/k/a Jay, was asked to purchase supplies for Little Lotus during his employment with Red Lotus, and that Red Lotus employed and trained another coworker, Russ, so that Russ could become Little Lotus's chef after Little Lotus's opening. Pl.'s Aff., Doc. No. 24-2, ¶¶ 35, 122. Although Liu acknowledges that he "was solely employed at Red Lotus," *id.* ¶ 25, he describes his work for Red Lotus as "essential" to Little Lotus, Compl., Doc. No. 1, ¶ 38, and notes that "he worked side by side" with employees at both restaurants. Mem. of L. in Supp. of Mot. for Conditional Certification, Doc. No. 25, at 2.

## II. Discussion

### a. Conditional Collective Action Certification

The FLSA requires employers to pay overtime to employees who work more than 40 hours in a workweek. 29 U.S.C. § 207(a)(1). Employees who are covered under the FLSA and who work more than 40 hours in a workweek must be compensated by their employer at a rate equivalent to at least 1.5 times the employee's regular rate for hours worked in excess of 40 hours per workweek. *Id.* The FLSA does not cover employees who are "employed in a bona fide executive, administrative, or professional capacity." *Id.* § 213(a)(1).

A non-exempt employee who brings an FLSA claim and believes that other similarly situated employees suffered from the same policy may move for certification of a collective action. *See id.* § 216(b). Unlike in a class action brought under Fed. R. Civ. P. 23, plaintiffs in a

FLSA collective action "must affirmatively 'opt-in' to be part of the class and to be bound by any judgment." *Myers v. Hertz Corp.*, 624 F.3d 537, 542 (2d Cir. 2010). FLSA plaintiffs moving for collective action certification also "need not meet Rule 23's requirements of numerosity, typicality, commonality, and representativeness." *Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, 2018 WL 1737726, at *2 (S.D.N.Y. Mar. 26, 2018) (internal citation omitted).

District courts in the Second Circuit engage in a two-step process to evaluate if a collective action should be certified under the FLSA. "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555. To prevail on the first step, the plaintiff must "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). If a plaintiff survives the first step, a court may conditionally certify a collective action and order notice to potential opt-in plaintiffs. The case then moves to the second stage, which occurs after discovery. At that second stage, a court assesses, based on the record, "whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* If a court concludes that the opt-in plaintiffs are not, in fact, similarly situated to the named plaintiffs, then the action may be de-certified, and "the opt-in plaintiffs' claims may be dismissed without prejudice." *Id.* (internal citation omitted).

Liu moves for conditional collective action certification before discovery has been completed in this case. My analysis today therefore focuses solely on the first step outlined above. At this stage, Liu does not need "to show an actual FLSA violation." *Garcia v. Pancho*

*Villa's of Huntington Village, Inc.*, 678 F. Supp. 2d 89, 92 (E.D.N.Y. 2010) (cleaned up). Instead, he only needs to make "a modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Aros v. United Rentals, Inc.*, 269 F.R.D. 176, 179-80 (D. Conn. 2010) (quoting *Neary v. Metropolitan Property and Casualty Insurance Co.*, 517 F. Supp. 2d 606, 618 (D. Conn. 2007)). The key question then is whether Liu has shown that "a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." *Garcia*, 678 F. Supp. 2d at 92 (internal citations omitted).

Liu's burden at this stage is "very low." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 661 (S.D.N.Y. 2013) (internal citation omitted); *see also Hendricks v. J.P. Morgan Chase Bank, N.A.*, 263 F.R.D. 78, 83 (D. Conn. 2009) (internal citation omitted) ("The 'similarly situated' requirement of the FLSA is 'considerably less stringent than the requirement of Fed. R. Civ. P. 23(b)(3) that common questions predominate.'"). That is because at the conditional certification stage, "courts do not address the merits of the claims in the case" in determining whether the potential opt-in plaintiffs are similarly situated to one another. *Aros*, 269 F.R.D. at 179; *see also Lassen v. Hoyt Livery Inc.*, 2014 WL 4638860, at *6 (D. Conn. Sept. 17, 2014) ("At this stage, I do not consider whether plaintiff could sustain his burden of proof before the trier of fact. Rather, the only relevant issue is whether plaintiff and the potential opt-in plaintiffs are 'similarly situated.'").

**i. Whether the Potential Opt-In Plaintiffs are Similarly Situated**

A plaintiff attempting to show that they are similarly situated to other opt-in plaintiffs may "rely[] on their own pleadings, affidavits, [and] declarations[.]" *Cheng Xia Wang v. Shun Lee Palace Restaurant, Inc.*, 2018 WL 3155835, at *3 (S.D.N.Y. June 28, 2018) (internal

citation omitted); *Hamadou*, 915 F. Supp. 2d at 661 (internal citation omitted) (same). "Although the allegations contained in these documents 'cannot be entirely conclusory', they need not contain a high level of specificity." *Lijun Geng v. Shu Han Ju Restaurant II Corp.*, 2019 WL 4493429, at *7 (S.D.N.Y. Sept. 9, 2019). A plaintiff, for instance, may base their affidavits solely on their "firsthand observations[.]" *Hernandez v. Immortal Rise, Inc.*, 2012 WL 4369746, at *4 (E.D.N.Y. Sept. 24, 2012). In some cases, they do not even need to "identify similarly situated employees by name[.]" *Id.*; *see also Lijun Geng*, 2019 WL 4493429, at *7 (observing that "courts frequently grant conditional certification when plaintiffs identify similarly situated employees only by nicknames, job titles, or nationalities"). However, "[w]hen plaintiffs base their assertions regarding similarly situated employees upon their own observations and conversations with other employees, courts have required details about these observations and conversations, such as where and when they occurred and the names of the employees involved." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 481-82 (S.D.N.Y. 2016) (collecting cases).

Liu asserts that many of his coworkers are similarly situated to him because they were restaurant employees at Red Lotus who were not paid overtime. Mem. of L. in Supp. of Mot. for Conditional Certification, Doc. No. 25, at 10-11. He supports his allegations through an affidavit that recounts his coworkers' pay and their hours worked per week. *See* Pl.'s Aff., Doc. No. 24-2. He claims that he knows that information through first-hand observations of his coworkers' workweeks and through conversations with some of them about their compensation. *Id.* ¶¶ 26, 34, 59, 68, 81, 87, 99.

I conclude that Liu has adequately shown that he and his coworkers at Red Lotus are similarly situated and that they have suffered from a common policy or plan. The Defendants do

not contest that Liu or his coworkers are covered by the FLSA, or that they were employed by Red Lotus. Liu's affidavit, furthermore, points to conversations he had with at least six coworkers—Yajie Zhan a/k/a Jay, Andy, Lin, Lin Xiang, Iverson, and Jersica—who each worked more than 40 hours per week and were apparently not paid overtime. *See id*. ¶¶ 34, 59, 68, 81, 99. A plaintiff at the conditional certification stage may rely on their own personal observations when those observations are memorialized in an affidavit that provides sufficient details, including coworkers' first names, job titles, and hours worked. *See Benavides,* 166 F. Supp. 3d at 481-82. Liu's affidavit clearly provides the basic information needed to show a factual nexus between him and the potential opt-in plaintiffs in this action. *See Feng v. Hampshire Times*, 2015 WL 1061973, at *3 (S.D.N.Y. Mar. 11, 2015) (internal citation omitted) (noting that plaintiffs at this stage are only "obligated to provide 'some probative information regarding similarly situated employees such as their names, their duties, and their hours worked'").

The Defendants make several arguments in opposition to Liu's motion. For one, they point out how Liu's "motion relies entirely on his own affidavit, which consists of hearsay statements, informal conversations and unsupported assumptions regarding other employees' hours and compensation."[2] Mem. of L. in Opp'n to Pl.'s Mot. for Conditional Collective Action

[2] Along the same lines, the Defendants take issue with the lack of "documentary evidence" that Liu provides for his claims. Mem. of L. in Opp'n to Pl.'s Mot. for Conditional Collective Action Certification, Doc. No. 26, at 3. Although Liu's Complaint and Affidavit do rely heavily on hearsay and personal observations, that is not sufficient reason to deny his motion. After all, Liu's burden at the conditional certification stage is "very low." *Hamadou*, 915 F. Supp. 2d at 661. I also note that the cases cited by the Defendants are easily distinguishable from this case. The plaintiff in one cited case, for instance, submitted a "single two-page affidavit and shift list" that did not "specifically identify the similarly situated employees" or "describe how such employees were treated 'in a similar manner.'" *Silva v. Calle 8, LLC*, 2013 WL 6330848, at *4 (E.D.N.Y. Dec. 5, 2013). Liu's Affidavit is 12 pages, identifies several employees by name and position, describes Liu's conversations with those employees, and explains that those employees worked more than 40 hours per week but were paid a fixed wage per week. Put simply, this is not a case where Liu "fail[ed] to provide either evidentiary support, such as affidavits or supporting documents, or specific factual allegations[.]" *Id*. at *3 (collecting cases).

Certification, Doc. No. 26, at 3. Courts at the conditional certification stage, however, often grant conditional certification "based on the allegations and affidavit of a single plaintiff[.]" *Qing Tian Zhuo v. Jia Xing 39th Inc.*, 2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015). And they "regularly rely on . . . hearsay statements in determining the propriety of sending notice." *Salomon v. Adderley Industries, Inc.*, 847 F. Supp. 2d 561, 563 (S.D.N.Y. 2012).

The Defendants also spend considerable time attacking Liu's credibility. For instance, they point out how Liu frequently files FLSA cases and that at least one of the conversations mentioned in his Affidavit could not have happened because of a language barrier between him and the coworker in question. Mem. of L. in Opp'n to Pl.'s Mot. for Conditional Collective Action Certification, Doc. No. 26, at 5, 20-21. Even if the Defendants' characterizations of Liu are true, they would not affect my analysis, because I am not supposed to "make credibility determinations" at this stage. *Aros*, 269 F.R.D. at 180 (internal citation omitted).

Finally, the Defendants argue that the potential opt-in plaintiffs cannot be similarly situated to one another because some of the coworkers mentioned in Liu's Affidavit are subject to different pay structures or work less than 40 hours per week. Mem. of L. in Opp'n to Pl.'s Mot. for Conditional Collective Action Certification, Doc. No. 26, at 4, 23. Although Liu's Affidavit does "group[] . . . employees across different roles without accounting for distinct legal frameworks," *id*. at 4, I do not read Liu's Affidavit to suggest that all his coworkers will necessarily join the collective action. Instead, I see Liu's Affidavit as an attempt to provide comprehensive background on his former employment situation at Red Lotus, and to show that some of his coworkers were not paid the overtime they were owed. Regardless of Liu's intention in providing details on all his former coworkers, the fact that his coworkers occupied many different jobs does not foreclose the possibility that they are similarly situated. After all,

"[p]arties may be similarly situated, despite not occupying the same positions or performing the same job functions . . . provided that they are subject to a common unlawful policy or practice." *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 390 (E.D.N.Y. 2010) (internal citation omitted). Because Liu makes a "simple showing" that his coworkers at Red Lotus may not have received overtime compensation, I conclude that he has made his modest factual showing for conditional collective action certification. *See Tomkins v. Amedisys, Inc.*, 2014 WL 129407, at *2 (D. Conn. Jan. 13, 2014) (internal citation omitted).

### ii. Whether Little Lotus and Red Lotus are a Single Employer

Liu requests conditional certification against both Red Lotus and Little Lotus. He does so even though, as Defendants point out, his "own pleadings and affidavit confirm that he worked exclusively" for Red Lotus. Mem. of L. in Opp'n to Pl.'s Mot. for Conditional Collective Action Certification, Doc. No. 26, at 2.

For the collective action to be certified against both Red Lotus and Little Lotus, I must conclude that the "distinct but closely affiliated entities should be treated as a single employer for FLSA purposes." *Juarez v. 449 Restaurant, Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014). When district courts in the Second Circuit have considered that question, they have applied the "single integrated enterprise" test, which considers: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id*. "In the restaurant industry, facts that go to the existence of a single, integrated enterprise include common decor, name, menu and marketing; the use of the same employees at multiple locations; the transfer of items between restaurants; use of the same central payroll office, common storage space and leases; and the distribution of common employee guidelines and procedures across different businesses." *Mangahas v. Eight Oranges*

*Inc.*, 754 F. Supp. 3d 468, 487–88 (S.D.N.Y. 2024) (cleaned up); *see also Uraga v. Amici 519 LLC*, 2018 WL 3579850, at *4 (S.D.N.Y. July 25, 2018) (concluding that two restaurants could fairly be considered a single employer because they both used the same trade name and a common logo, "have almost identical menus and [] interchangeable supplies and employees," and "are advertised jointly on Defendants' website").

Liu alleges that both Red Lotus and Little Lotus are managed by the individual defendants in this action—Lawrence Y. Wang and Bilian Chen. He also claims that supplies were sometimes exchanged between the two entities, and that at least one employee worked for Little Lotus after being trained by Red Lotus. Those characteristics weigh in favor of a finding that both entities constitute a single employer. *See Qing Tian Zhuo*, 2015 WL 1514950, at *3.

The problem for Liu is that for the collective action to proceed against both Red Lotus and Little Lotus, Liu must also show that "the same unlawful employment policy was in place" at both restaurants. *Guaman v. 5 M Corp.*, 2013 WL 5745905, at *3 (S.D.N.Y. Oct. 23, 2013). Liu, however, "provides no corroborating evidence that violations of the FLSA occurred" at Little Lotus. *Id.* That may be because he, and all but one of the coworkers mentioned in his Affidavit, never worked at Little Lotus. *See Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 559 (S.D.N.Y. 2013) (declining to extend conditional certification to a store location where the plaintiff never worked); *Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*, 2013 WL 5132023, at *5 (E.D.N.Y. Sept. 12, 2013) (noting that courts have refused to authorize notice when plaintiffs have failed to submit first-hand evidence of FLSA violations at other restaurant locations owned by the same individuals). Without any evidence that both Red Lotus and Little Lotus had a "common policy" of not paying overtime to employees, I cannot conditionally certify the collective action with regard to Little Lotus. *See Karic v. Major*

*Automotive Companies, Inc.*, 799 F. Supp. 2d 219, 227 (E.D.N.Y. 2011) (highlighting how the complaint in that action alleged that "all the [] entities are commonly owned and operated by the same individuals who set a common policy for each of the entities").

Because Liu's complaint, motion, and affidavit do not suggest that Red Lotus and Little Lotus had a common policy of failing to pay overtime compensation, I will conditionally certify the collective action against Red Lotus, but not Little Lotus. Accordingly, I authorize notice to non-exempt employees at Red Lotus, but not employees at Little Lotus. *See Myers*, 624 F.3d at 555 (explaining that a court may authorize notice to similarly situated plaintiffs when it conditionally certifies a collective action).

**b. Notice to Potential Opt-In Plaintiffs**

"Upon authorizing the distribution of notice to potential opt-in plaintiffs, the district court maintains broad discretion over the form and content of the notice." *Hernandez v. City of New York*, 2017 WL 2829816, at *6 (S.D.N.Y. June 29, 2017) (internal citation omitted). "Because the benefits of a collective action depend on employees receiving notice of its pendency," district courts should "monitor the notice process and ensure that the proposed notice is timely, accurate, and informative." *Gui Zhen Zhu,* 424 F. Supp. 3d at 267 (cleaned up). In reviewing the proposed notice, a court should keep in mind that notice is intended to help potential opt-in plaintiffs "make informed decisions about whether to participate." *Schear v. Food Scope America, Inc.*, 297 F.R.D. 114, 127 (S.D.N.Y. 2014) (internal citation omitted).

To facilitate notice and garner opt-ins to the collective action, Liu requests: (1) the Defendants to provide an Excel spreadsheet containing the contact information of potential opt-in plaintiffs, and authorization to send notice to those individuals; (2) the statute of limitations for claims falling under the collective action to be set at three years; (3) the statute of limitations

to be tolled during the opt-in period; (4) the opt-in period to last 90 days; (5) notice to be posted at Red Lotus; (6) notice to be posted on Liu's counsel's website; and (7) an alternative notice procedure in case the Defendants do not provide accurate contact information for the potential opt-in plaintiffs. I address each request in turn below.

**i. Disclosure of Contact Information and Authorization to Provide Notice to Employees at Red Lotus**

To facilitate notice to potential opt-in plaintiffs, Liu moves for the Defendants to "produce an Excel spreadsheet containing first and last name[s], last known address[es] with apartment number[s] (if applicable), the last known telephone numbers, last known e-mail addresses, WhatsApp, WeChat ID and/or FaceBook usernames (if applicable) and work location[s], dates of employment and position[s]" of all the potential opt-in plaintiffs in this action. Pl.'s Mot. for Conditional Collective Certification, Doc. No. 23, at 1. The Defendants do not object to providing the names, last known physical addresses, and dates of employment for potential opt-in plaintiffs. Mem. of L. in Opp'n to Pl.'s Mot. for Conditional Collective Action Certification, Doc. No. 26, at 33. They do, however, object to the disclosure of those individuals' email addresses, telephone numbers, and social media account information. *Id.*

"Courts in this Circuit 'routinely grant . . . motions to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action' following conditional certification." *Hong v. Haiku @ WP Inc.*, 582 F. Supp. 3d 117, 131 (internal citation omitted). They also "commonly grant" requests for employers to produce the dates of employment for potential opt-in plaintiffs. *Id.* (internal citation omitted). Because the Defendants do not oppose Liu's request for that type of data—and courts often require the disclosure of that information following conditional certification—I grant Liu's

request for the names, last known physical addresses, work positions, and dates of employment for individuals who worked at Red Lotus over the past three years.

I also grant Liu's request for the last known telephone numbers and email addresses of the potential opt-in plaintiffs. District courts in the Second Circuit "have held that the dissemination of notices via mail, email, and text are appropriate vehicles." *Chen v. Thai Greenleaf Restaurant Corp.*, 2024 WL 3742718, at *5 (E.D.N.Y. Aug. 9, 2024) (citing *Carranza v. VBFS, Inc.*, 2021 WL 1233546, at *6 (S.D.N.Y. Apr. 2, 2021)). Accordingly, district courts have discretion to order employers to turn over the email addresses of employees who may opt-in to a FLSA collective action. *See, e.g., Zhongle Chen v. Kicho Corp.*, 2020 WL 1900582, at *9 (S.D.N.Y. Apr. 17, 2020).

I deny Liu's request for WhatsApp, We Chat, and Facebook usernames. Although some courts have ordered the disclosure of social media information, *see, e.g.*, *Hong*, 582 F. Supp. 3d at 131, a plaintiff requesting that information typically needs to "provide[] a justification to deviate from the traditional methods of mail, email, and text message generally accepted in this Circuit for disseminating notice to the putative collective members." *Aleman-Valdivia v. Top Dog Plumbing & Heating Corp.*, 2021 WL 4502479, at *11 (E.D.N.Y. Sept. 30, 2021) (cleaned up). Because Liu does not explain why notice via mail, email, and text would be insufficient to reach the small number of potential opt-ins in this case, I deny his request for the social media usernames of the potential opt-in plaintiffs. *See McPherson v. Look Entertainment Ltd.*, 2024 WL 4265844, at *9 (E.D.N.Y. Sept. 23, 2024).

Therefore, Red Lotus, Wang, and Chen must provide an Excel spreadsheet to Liu with the names, last known addresses, telephone numbers, email addresses, and dates of employment of the potential opt-in plaintiffs within 14 days of this Order. Liu may then provide notice, and,

if necessary, one reminder notice, to those potential plaintiffs via mail, email, and text. He may not disseminate notice via social media, nor may he contact potential plaintiffs by initiating a call with them on their phones.

**ii. Limitations Period**

Liu requests the above contact information for all non-exempt employees who worked at Red Lotus from June 21, 2022 to the present. Pl.'s Mot. for Conditional Collective Certification, Doc. No. 23, at 1. Typically, the limitations period under the FLSA is two years. 29 U.S.C. § 255(a). That limitations period may be extended to three years, however, "to remedy willful violations" of the FLSA. *Id.* "An employer has willfully violated the FLSA if the employer either 'knew' that its conduct was unlawful or showed 'reckless disregard' for its unlawfulness." *Gui Zhen Zhu*, 424 F. Supp. 3d at 268 (internal citations omitted).

Liu alleges that the "Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation[.]" Compl., Doc. No. 1, ¶ 48. In support of that allegation, he asserts that the Defendants "failed to keep full and accurate records of [employees'] hours and wages" to "mitigate liability for their wage violations." *Id.* ¶¶ 45-46. "Courts in this circuit have generally held that where willfulness is in dispute, a three year statute of limitations applies at the conditional certification stage." *Alvarez v. IBM Restaurants Inc.*, 839 F. Supp. 2d 580, 587-88 (E.D.N.Y. 2012) (internal citation omitted). Because willfulness is clearly in dispute here, I conclude that a three-year statute of limitations applies for purposes of providing notice to potential claimants.

Accordingly, notice should be provided to all current and former non-exempt employees of Red Lotus who worked at Red Lotus at any point in the three-year period preceding the date of this Order.

**iii. Equitable Tolling**

Liu next requests that the limitations period be tolled in this case until the expiration of the opt-in period. Equitable tolling of that kind, however, is "considered a drastic remedy applicable only in rare and exceptional circumstances." *Contrera v. Langer*, 278 F. Supp. 3d 702, 723 (S.D.N.Y. 2017) (quoting *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011)). "It is appropriate where a plaintiff has been prevented in some extraordinary way from exercising his rights." *Lianhua Weng*, 2018 WL 1737726, at *5 (cleaned up). Because Liu does not show that a potential plaintiff has been prevented from opting into this action—or that an extraordinary circumstance exists that would prevent a potential plaintiff from opting in within the statute of limitations—I deny his equitable tolling request.

**iv. Duration of Opt-In Period**

Liu also requests that the opt-in period be extended from 60 to 90 days. District courts in the Second Circuit, however, typically restrict the opt-in period for potential plaintiffs to 60 days and only approve a longer period when "the period is agreed upon between the parties or special circumstances require an extended opt-in period." *Gui Zhen Zhu*, 424 F. Supp. 3d at 272 (internal citations omitted). Liu "has not argued, nor demonstrated, that any special circumstances warrant a 90-day opt-in period in this case." *Obermeier v. Northeast Work & Safety Boats, LLC*, 2024 WL 1172773, at *10 (D. Conn. Mar. 19, 2024). Therefore, I deny his request for an extended opt-in period and set the opt-in period at 60 days from the dissemination of the Notice of Pendency and Consent to Sue Forms.

**v. Notice at Workplace**

Liu additionally moves for an order directing the Defendants to post the notice in "conspicuous and unobstructed locations [in the workplace] likely to be seen by all currently

employed members of the collective" for the duration of the opt-in period. Pl.'s Mot. for Conditional Collective Certification, Doc. No. 23 at 2. "Courts in this Circuit consistently allow plaintiffs to post notices in conspicuous locations in defendant's workplaces . . . to maximize the opportunity for potential opt-in members to join the lawsuit." *Chen*, 2024 WL 3742718, at *8 (collecting cases). Accordingly, I grant Liu's request. The Defendants shall, for the duration of the opt-in period, post the notice in a conspicuous location that is accessible to all non-exempt employees at Red Lotus. They should take care to make sure Mandarin and Spanish translations of the notice, which are to be provided by Liu's counsel, are posted as well. *See Gui Zhen Zhu*, 424 F. Supp. 3d at 272-73 (observing that "district courts routinely grant" plaintiffs' requests to distribute notice forms in the languages of the potential opt-in plaintiffs). The notice shall be posted at Red Lotus's principal address of 872 Bridgeport Avenue, Shelton, CT 06484. The Defendants do not need to post the notice at Little Lotus.

**vi. Notice on Counsel's Website**

District courts in the Second Circuit typically allow notice to be posted on the Plaintiffs' counsel's website. *See, e.g., Qiang Lu v. Purple Sushi Inc.*, 447 F. Supp. 3d 89, 97 (S.D.N.Y. 2020); *Yi Mei Ke v. JR Sushi 2 Inc.*, 2021 WL 148751, at *14 (S.D.N.Y. Jan. 15, 2021). In the absence of any reason that notice should not be posted on Liu's counsel's website,[3] I grant Liu's

[3] The Defendants argue generally that Liu's counsel "should be precluded from any and all unsolicited communications with potential opt-in plaintiffs until expiration of the opt-in period." Mem. of L. in Opp'n to Pl.'s Mot. for Conditional Collective Action Certification, Doc. No. 26, at 35. Although distinct from the issue of whether notice may be posted on Liu's counsel's website, the Defendants express considerable opposition to how Liu's proposed notice directs potential opt-in plaintiffs to return the consent-to-sue form to Liu's counsel, rather than the Clerk of Court, unless the plaintiff "select[s] an attorney other than [Liu's counsel]." Ex. 3 to Pl.'s Aff., Doc No. 24-3. at 3-4. Although courts have been split on that issue, the fact that Liu's "proposed Consent Form informs putative plaintiffs of their 'right to hire an attorney of [their] choice' . . . 'mitigates any problems associated with having consent forms returnable to [Liu's] counsel.'" *Gui Zhen Zhu*, 424 F. Supp. 3d at 271 (quoting *Schear*, 297 F.R.D. at 128). I therefore reject Defendants' argument and permit Liu's counsel, or any other counsel chosen by the opt-in plaintiffs, to receive consent-to-sue forms.

request. The posted notice may also be in Mandarin or Spanish, or any other language spoken by the potential opt-in plaintiffs. *See Gui Zhen Zhu*, 424 F. Supp. 3d at 272.

#### vii. Notice in Case of Defect

Finally, I address Liu's request that if the "Defendants fail to furnish a complete Excel sheet or more than 20% of the Notice [is] returned as undeliverable with no forwarding address," Liu should be permitted to publish the notice on social media and by newspaper publication at Defendants' expense. I conclude that Liu's "request is premature. [He] may renew [his] request if Defendants are unable to provide contact information for the broad majority of potential collective members." *Qiang Lu*, 447 F. Supp. 3d at 98. Even if he renews his request at a later date, I am unlikely to allow Liu to publish the notice on social media. That is because a social media post is "not likely to materially improve the chances of notice to a relatively small group of workers" at a single restaurant. *Yi Mei Ke*, 2021 WL 148751, at *15 (cleaned up).

## III. Conclusion

For the foregoing reasons, Liu's motion for conditional collective action certification is GRANTED with respect to non-exempt employees of Red Lotus who were employed during the three-year period preceding the date of this Order. The Defendants shall produce an Excel spreadsheet within 14 days of this Order that lists the names, last known addresses, telephone numbers, email addresses, job positions, and dates of employment of individuals who were employed at Red Lotus during that period. The opt-in period shall last 60 days from when the notice is disseminated.

I authorize Liu to provide notice, and, if necessary, one reminder notice, to potential opt-in plaintiffs via mail, email, and text, but not via phone call or via social media messages or posts. That notice must comply with the requirements set forth in this Order and be consistent

with the approved forms attached as Exhibits A-D to this Order. The Defendants must also post the notice, as well as the notice's Mandarin and Spanish translations, in a conspicuous location accessible to all non-exempt employees at Red Lotus's Shelton location. Liu's counsel may also post the notice, as well as any translations of the notice, on his website.

Attached to this order as exhibits are authorized notice forms.

SO ORDERED at Bridgeport, Connecticut this 17th day of June 2026.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

# EXHIBIT A

Wen Lin Liu has sued Alliance Restaurant Group LLC d/b/a Red Lotus, Lawrence Y. Wang, and Bilian Chen in the United States District Court for the District of Connecticut (Docket No. 25-cv-990). If you worked for ALLIANCE RESTAURANT GROUP d/b/a Red Lotus, located at 872 Bridgeport Ave, Shelton CT 06484, within the past three years, you are eligible to join this lawsuit.

**The Court Authorized this Notice.**
**This is not a Solicitation from a Lawyer**

THIS NOTICE is meant to advise you of your right to participate in this lawsuit as a claimant and plaintiff under the Fair Labor Standards Act if you worked for Defendants at any time from June 17, 2023 to the present and were not paid overtime for all hours worked over 40 in any given workweek.

Plaintiff WEN LIN LIU worked for Defendants and has brought this action on behalf of all other current and former employees who have worked for Defendants at any time since June 17, 2023.

The lawsuit seeks monetary damages under the federal Fair Labor Standards Act for allegedly owed overtime wages. Defendants deny that allegation.

**Federal law prohibits Defendants from retaliating against you or discriminating against you if you wish to join this lawsuit.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **ASK TO BE INCLUDED** | If you wish to be included, you must complete the form at the end of this Notice. |
| **DO NOTHING** | If you do nothing, you will not be part of the lawsuit. This means if the lawsuit is successful, you will not collect any money from it. You will not lose your right to bring your own lawsuit. |

Your options are explained in this notice. To ask to be included in this lawsuit, you must act before 60 days from date notice is sent out.

## 1. What is this lawsuit about?

This lawsuit is about whether the Defendants properly paid their employees in accordance with federal law. In the portion of the lawsuit brought under the Fair Labor Standards Act ("FLSA"), the lawsuit alleges that Defendants failed to pay overtime for all hours worked over 40 hours per week.

Defendants deny that allegation.

## 2. Do I Qualify to Join the Lawsuit?

You are getting this notice because Defendants' records show that you work or worked for Defendants at some time from June 17, 2023 through the present.

**3. What damages is the lawsuit seeking?**

The lawsuit is seeking to recover, among other things, unpaid overtime pay and "liquidated damages," which double the amount of wages owed. The lawsuit is also seeking recovery of costs and attorneys' fees.

**4. What happens if I join the lawsuit?**

If you choose to join this lawsuit, you will be bound by any ruling, settlement or judgment, whether favorable or unfavorable. You will also share in any proceeds from a settlement or a favorable judgment.

While this lawsuit is pending, as part of the discovery process, you may be asked to provide documents or information relating to your employment with Defendants, which may include responding to written questions or answering questions in person under oath, either before or at trial. For this reason, if you join the lawsuit, you should preserve all documents relating to the Defendants currently in your possession. You also may be asked to sit for a deposition scheduled at your convenience and/or asked to testify at a trial in DISTRICT OF CONNECTICUT Courthouse.

**5. Can Defendants and/or my current employer retaliate or fire me if I join the lawsuit?**

No. It is a violation of federal law for Defendants to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this lawsuit.

**6. Can I participate in this lawsuit, even though, due to my immigration status, I did not work or am not working for Defendants legally?**

Yes. Your immigration status does not affect your entitlement to recover back wages or to participate in the lawsuit.

**7. How do I ask the Court to include me in the lawsuit?**

Enclosed is a form called the "Plaintiff Consent Form." **If you choose to join the lawsuit, it is extremely important that you read, sign, and promptly return the Plaintiff Consent Form.**

An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Plaintiff Consent Form must be sent to your lawyer or to the following address:

TROY LAW PLLC
41-25 Kissena Boulevard, Suite 110
Flushing, NY 11355
**RE: *WEN LIN LIU v. ALLIANCE RESTAURANT GROUP LLC d/b/a Red Lotus, et al.***

Your signed and filled-out Plaintiff Consent Form must be postmarked, faxed, or emailed by 60 days from mailing of this notice to you. If your signed and filled-out Plaintiff Consent Form is not postmarked, faxed, or emailed by 60 days from mailing of this notice to you, you may not be able to participate in the federal law portion of this lawsuit or share in a monetary award. You can also fax the Plaintiff Consent Form to (718) 762-1342 or scan and email it to troylaw@troypllc.com, or to a lawyer you hire.

**8. Do I have an attorney in this lawsuit?**

If you choose to join this lawsuit, unless you choose to retain a different attorney, you will be represented by **Troy Law, PLLC**, 41-25 Kissena Boulevard, Suite 110, Flushing, New York 11355, (718) 762-1324.

**9. How will Troy Law, PLLC be paid?**

If you choose to be represented by Troy Law, PLLC, their costs and fees will be paid out of any settlement or money judgment Plaintiffs receive against Defendants. If there is no settlement or money judgment, Troy Law, PLLC will not receive any fee. You will not be required to pay anything out of pocket for services provided by Troy Law, PLLC, however, the out-of-pocket costs incurred by Troy Law, PLLC, will reduce any award you receive.

Further information about this Notice, the deadline for joining the lawsuit, the form provided or answers to other questions concerning this lawsuit may be obtained by contacting the Troy Law, PLLC at (718) 762-1324. Substantive communications with Troy Law, PLLC for the purpose of obtaining legal advice are presumed **privileged and confidential** and will not be disclosed to anyone without your permission.

If you select an attorney other than Troy Law, PLLC to represent you in this action, you may join this lawsuit by submitting an appropriate consent form to that lawyer or directly to the Clerk of Court (Brien McMahon Federal Building, United States District Court, 915 Lafayette Boulevard, Bridgeport, CT 06604) by the deadline indicated herein.

**10. Should I get my own attorney?**

You have the right to hire any attorney of your choice to represent you in this matter. However, if you choose not to be represented by Troy Law, PLLC, you will need to confer with them regarding their costs and fees.

**11. What happens if I do nothing at all?**

If you do nothing, you will not be part of the lawsuit. This means that if the lawsuit is successful, you will not collect any money from it. It also means you will not be affected by any court decisions in the lawsuit, whether favorable or unfavorable. You will not lose your right to bring your own lawsuit if you do not join this one.

**12. This notice has been authorized by the court.**

This notice and its contents have been authorized by a federal judge for the United States District Court for the District of Connecticut. The Court does not take a view about whether you should join the lawsuit and has not determined whether it has any merit.

**Please do not write or call the court about this notice.**

Questions?
Contact Plaintiff's Counsel at:
(718)762-1324 or TROYLAW@TROYPLLC.COM

**PLAINTIFF CONSENT FORM**

IF YOU RECEIVED THIS FORM AND WISH TO JOIN THIS LAWSUIT WITH YOUR OWN ATTORNEY, YOU DO NOT NEED TO FILL OUT THIS FORM. YOU SHOULD INSTEAD REQUEST A CONSENT TO SUE FORM FROM YOU ATTORNEY AND EITHER RETURN IT TO YOUR ATTORNEY OR MAIL IT TO THE CLERK OF COURT (BRIEN MCMAHON FEDERAL BUILDING, UNITED STATES DISTRICT COURT, 915 LAFAYETTE BOULEVARD, BRIDGEPORT, CT 06604).

IF YOU RECEIVED THIS FORM AND WISH TO JOIN THIS LAWSUIT WITH TROY LAW, PLLC AS YOUR ATTORNEY, PLEASE COMPLETE THESE TWO STEPS:

A. COMPLETE AND SIGN THIS PLAINTIFF CONSENT FORM; AND

B. RETURN THIS FORM TO TROY LAW, PLLC (in the enclosed envelope) NOT LATER THAN 60 DAYS FROM NOTICE IS SENT TO YOU.

1. I consent to be a party plaintiff in the lawsuit ***WEN LIN LIU v. ALLIANCE RESTAURANT GROUP LLC d/b/a Red Lotus, et al.*****, U.S. District Court, District of Connecticut, Civil Action No. 25-cv-00990** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate Plaintiff WEN LIN LIU and his counsel Troy Law, PLLC ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for reasonable attorneys' fees and expenses should this case settle or a money judgment is received and the attorneys' fees and expenses awarded to the Firm will reduce my share of any such gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

______________________________
Name (printed)

______________________________
Signature Date

______________________________
Street Address

____________________________________
City State ZIP

Questions?
Contact Plaintiff's Counsel at:
(718)762-1324 or TROYLAW@TROYPLLC.COM

____________________________________
Telephone Number

____________________________________
Email

____________________________________
Work Location(s)

____________________________________
Employment Start Date

____________________________________
Employment End Date

**Mail to:**

**TROY LAW, PLLC,**
**41-25 KISSENA BOULEVARD, SUITE 110 FLUSHING,**
**NY 11355**
**RE: *WEN LIN LIU v. ALLIANCE RESTAURANT GROUP LLC d/b/a Red Lotus, et al.***

YOU CAN ALSO FAX THE CONSENT TO JOIN FORM TO (718) 762-1342

OR SCAN AND EMAIL IT TO: troylaw@troypllc.com

# EXHIBIT B

**Subject Line: Message Re: Alliance Restaurant Group LLC d/b/a Red Lotus**

**If you worked for Alliance Restaurant Group LLC d/b/a Red Lotus**, located at 872 Bridgeport Avenue, Shelton, CT 06484, you may be eligible to recover unpaid overtime pay and liquidated damages, which double the amount of wages owed under the Fair Labor Standards Act ("FLSA").

For additional information about the case, including how to join, visit [URL].

This Notice is authorized by the United States District Court for the District of Connecticut. It is not an endorsement of any parties or claims in the suit. Rather, the purpose of this notice is to timely inform potential opt-in parties of their right to join the suit so that the case may proceed in an orderly and efficient manner.

# EXHIBIT C

**Subject Line: Message Re: Alliance Restaurant Group LLC d/b/a Red Lotus**

**Reminder Notice**

You should have received a Notice informing you of your right under the Fair Labor Standards Act ("FLSA") to opt into a lawsuit seeking unpaid overtime from Alliance Restaurant Group LLC d/b/a Red Lotus, located at 872 Bridgeport Avenue, Shelton, CT 06484. You should also have received a Consent to Sue Form to opt into the lawsuit if you wish to do so.

If you wish to join the lawsuit, please complete the Consent to Sue Form and either mail it, fax it, or email it to your chosen counsel or to:

Troy Law PLLC
41-25 Kissena Blvd., Suite 110
Flushing, NY 11355
Fax at 718-762-1342
Email: Troylaw@troypllc.com

If you have any questions about the Notice or the case, or if you did not receive or no longer have the notice, you should contact Troy Law PLLC at + 1 718-762-1324 or troylaw@troypllc.com.

This Reminder Notice is authorized by the United States District Court for the District of Connecticut. It is not an endorsement of any parties or claims in the suit. Rather, the purpose of this reminder notice is to timely inform potential opt-in parties of their right to join the suit so that the case may proceed in an orderly and efficient manner.

# EXHIBIT D

REMINDER

## ***Legal Notice: Affecting Your Rights***

You should have received a Court-authorized Notice informing you of your right under the Fair Labor Standards Act ("FLSA") to opt into a lawsuit seeking unpaid overtime from ALLIANCE RESTAURANT GROUP d/b/a Red Lotus, located at 872 Bridgeport Ave, Shelton, CT 06484. You should also have received a Consent to Sue form to opt into the lawsuit by the deadline if you wish to do so.

If you want to join, please take action to join this lawsuit before [date].

If you have any questions, please contact Troy Law PLLC, which represents the named plaintiff in this lawsuit.

[Contact Information on the backside.]

---