**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------------------x

WEN LIN LIU,
*on behalf of himself and others similarly situated,*
Plaintiff,

v.

LITTLE LOTUS LLC
d/b/a Little Lotus,
ALLIANCE RESTAURANT GROUP LLC
d/b/a Red Lotus,
LAWRENCE Y. WANG
a/k/a Larry Wang, and
BILIAN CHEN
a/k/a Bi Lian Chen
a/k/a Nia Chen
Defendants.

---------------------------------------------------------------x

**Case No. 25-cv-00990**

**DECLARATION OF JOHN TROY IN SUPPORT OF EMERGENCY MOTION FOR CONFERENCE REGARDING COERCIVE COMMUNICATIONS BY DEFENDANTS WITH COLLECTIVE MEMBERS**

JOHN TROY, an attorney admitted to practice law in this District, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

1. On June 17, 2026, the Court authorized dissemination to a collective of current and former employees of Red Lotus of notice of their right to opt into this lawsuit, by mail, email, and text-message of prescribed forms of notice to collective members, and by posting of notice on Red Lotus's premises and Plaintiff's counsel's website. *See* Dkt. No. 34, at *13–14, 16–19 (methods of notice), 20–32 (forms of notice).

2. The Court in its Order emphasized its own role of "'monitor[ing] the notice process and ensur[ing] that the proposed notice is timely, accurate, and informative[,]'" *id.*, at *12 (quoting *Gui Zhen Zhu v. Matsu Corp.*, 424 F. Supp. 3d 253, 267 (D. Conn. 2020)), and to that end Ordered that "notice must comply with the requirements

set forth in this Order and be consistent with the approved forms attached as Exhibits A–D to this Order." *Id.*, at *18–19.

3. Defense counsel furnished Plaintiff's counsel a collective list on July 15, 2026, and the prescribed notices were mailed, emailed, and text-messaged to collective members on August 14, 2026.

4. However, on September 21, 2026, collective member and now opt-in Plaintiff See W. Fong ("Fong") informed Plaintiff's counsel that Defendant Lawrence Y. Wang ("Wang") had, on July 26, 2026, at 11:39 PM, text-messaged him from the number (347) 526-3553 an unauthorized notice in the following form:

> Hi Andy hope you are will just a heads up the sushi guy who you fighted with in Feb 2025 is suing be and you will be getting a request to join him in a lawsuit. Just a heads up I'm sending to all my staff at that time thanks!

Exhibit 1.

5. Wang also asked Fong "[w]here are you working now," and indicated that he and "Nia" (*i.e.*, Defendant Bilian Chen) intended to visit him at his new place of employment if he told them where it was. *Id.*

6. The text message to Fong was unaccompanied by any form of notice in the prescribed forms. It incorrectly represented that the notices of pendency and right to sue would be a "request to join [Plaintiff Liu] in a lawsuit," when in fact the actual notices accurately informed collective members that "The Court Authorized this Notice," that it was "not a Solicitation from a Lawyer," and that "the Court odes not take a view about whether you should join the lawsuit and has not determined whether it has any merit." *See* Dkt. No. 34 at *22, 24. Fong is a former employee of Defendants who has since obtained employment elsewhere—Wong indicated

that he intended to drop in on him, presumably to pressure him out of joining this lawsuit. Moreover, it attempted to dissuade Fong from joining the lawsuit by identifying Liu as (without commenting on the accuracy or inaccuracy of the characterization) “the sushi guy who you fighted with” and creating a conflict between Fong and Liu. Finally, and perhaps most troublingly, Wang admitted to Fong that he was “sending” similar “heads up” to “all his staff,” in an effort to preempt and end-run around the prescribed notice process, evade the Court’s supervision, and taint the collective members’ decision-making as to whether they would join the lawsuit.

7. Fong’s case was only the latest in a series of troubling incidents in this vein to come to my attention, and one that confirmed that what initially appeared to be a pattern of reluctance to opt in was more likely the result of a campaign of coercion.

8. On August 18, 2026, a current employee of Red Lotus who requested that I not reveal their identity relayed to me that they were reluctant to opt in for fear of retaliation, including termination. On September 4, 2026, that same employee revealed that Wang and Nia were pressuring them to testify in their favor—contrary to their true recollections and sincere beliefs that they and other employees had been systematically underpaid.

9. I have also been contacted by three other collective members between August 14, 2026 and September 2, 2026 each of whom initially seemed enthusiastically interested in opting in, but later ceased communicating with me prior to opting in. I sincerely believe that they have been coerced into not opting in by the Defendants.

I declare under penalty of perjury that the foregoing is true and correct. Executed on:

Dated: September 21, 2026
Flushing, NY

*/s/ John Troy*
John Troy
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*Attorney for Plaintiffs*