**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------------------x

WEN LIN LIU,
*on behalf of himself and others similarly situated,*
Plaintiff, **Case No. 25-cv-00990**

v.

LITTLE LOTUS LLC
d/b/a Little Lotus,
ALLIANCE RESTAURANT GROUP LLC
d/b/a Red Lotus,
LAWRENCE Y. WANG
a/k/a Larry Wang, and
BILIAN CHEN
a/k/a Bi Lian Chen
a/k/a Nia Chen
Defendants.

---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR CONFERENCE REGARDING COERCIVE COMMUNICATIONS BY DEFENDANTS WITH COLLECTIVE MEMBERS**

John Troy
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*Attorney for Plaintiffs*

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** .......... ii

**STATEMENT OF FACTS & PROCEDURAL HISTORY** .......... 1

**ARGUMENT** .......... 2

**CONCLUSION** .......... 4

# TABLE OF AUTHORITIES

**Cases**

*Austen v. Catterton Partners*, 831 F. Supp. 3d 559, (D. Conn. 2011).......................... 2, 3

*Brown v. Mustang Sally's Spirits & Grill, Inc.*, No. 12-cv-00529, 2012 U.S. Dist. LEXIS 144722 (W.D.N.Y. Oct. 5, 2012) ........................................................................ 2, 3

*In re School Asbestos Litig.*, 842 F. 2d 671 (3d Cir. 1988) ............................................2

*Urtubia v. B.A. Victory Corp.*, 857 F. Supp. 2d 476 (S.D.N.Y. Mar. 8, 2012)....................3

Plainifff WEN LIN LIU ("Liu"), by and through his undersigned counsel, hereby submits the following memorandum of law in support of his emergency motion a conference regarding expedited discovery into, and/or an extension of the deadline to opt into this matter by sixty (60) days to remedy, false and misleading communications from Defendant LAWRENCE W. WANG ("Wang") to current and former employees of ALLIANCE RESTAURANT GROUP LLC ("Red Lotus"), outside the notice process prescribed by the Court, in an attempt to coerce such current and former employees out of exercising their right to opt into this lawsuit to recover unpaid wages.

## **STATEMENT OF FACTS & PROCEDURAL HISTORY**

On June 17, 2026, the Court authorized dissemination to a collective of current and former employees of Red Lotus of notice of their right to opt into this lawsuit, by mail, email, and text-message of prescribed forms of notice to collective members, and by posting of notice on Red Lotus's premises and Plaintiff's counsel's website. *See* Dkt. No. 34, at *13–14, 16–19 (methods of notice), 20–32 (forms of notice); *see also* Declaration of John Troy ("Troy Decl.") ¶ 1. The Court in its Order emphasized its own role of "'monitor[ing] the notice process and ensur[ing] that the proposed notice is timely, accurate, and informative[,]'" *id.*, at *12 (quoting *Gui Zhen Zhu v. Matsu Corp.*, 424 F. Supp. 3d 253, 267 (D. Conn. 2020)), and to that end Ordered that "notice must comply with the requirements set forth in this Order and be consistent with the approved forms attached as Exhibits A–D to this Order." *Id.*, at *18–19; *see also* Troy Decl. ¶ 2. Defense counsel furnished Plaintiff's counsel a collective list on July 15, 2026, and the prescribed notices were mailed, emailed, and text-messaged to collective members on August 14, 2026. *See* Troy Decl. ¶ 3.

However, on September 21, 2026, collective member and now opt-in Plaintiff See W. Fong ("Fong") informed Plaintiff's counsel that Wang had, on July 26, 2026, at 11:39 PM, text-messaged him an unauthorized notice in the following form:

> Hi Andy hope you are will just a heads up the sushi guy who you fighted with in Feb 2025 is suing be and you will be getting a request to join him in a lawsuit. Just a heads up I'm sending to all my staff at that time thanks!

*See* Exhibit 1; *see also* Troy Decl. ¶ 4. Wang also asked Fong "[w]here are you working now," and indicated that he and "Nia" (*i.e.*, Defendant Bilian Chen) intended to visit him at his new place of employment if he told them where it was. *See id.*; *see also* Troy Decl. ¶ 5.

**ARGUMENT**

While "[d]istrict courts…must not interfere with any party's ability to communicate freely with putative class members, unless there is a specific reason to believe that such interference is necessary," *Austen v. Catterton Partners*, 831 F. Supp. 3d 559, 567 (D. Conn. 2011), "[i]ntervention is warranted…where such communications are found to be misleading or coercive, as such communication poses 'a serious threat to the fairness of the litigation process, the adequacy of representation and the administration of justice generally.'" *Brown v. Mustang Sally's Spirits & Grill, Inc.*, No. 12-cv-00529, 2012 U.S. Dist. LEXIS 144722, at *9 (W.D.N.Y. Oct. 5, 2012) (quoting *In re School Asbestos Litig.*, 842 F. 2d 671, 680 (3d Cir. 1988)). "[W]here defendants are also the employers of potential class action plaintiffs, the 'workplace relationship with current employees, and their knowledge of sensitive information about current and former employees, put them in a position to exercise strong coercion in connection with potential class members' decisions regarding participation in [] litigation.'" *Id.* (quoting *Urtubia v. B.A. Victory Corp.*, 857 F. Supp. 2d 476,

485 (S.D.N.Y. Mar. 8, 2012)). “Thus, ‘when a defendant is in an ongoing, current business relationship with members of a putative class, for example an employment relationship, it may be prudent to preempt the defendant’s ability to use the relationship and pressure class members to make factual concessions or settle claims.’” *Id.*, at *9–10 (quoting *Austen*, 831 F. Supp. 2d at 568).

Here, the text message to Fong was unaccompanied by any form of notice in the prescribed forms. *See* Exhibit 1; *see* also Troy Decl. ¶ 6 It incorrectly represented that the notices of pendency and right to sue would be a “request to join [Plaintiff Liu] in a lawsuit,” when in fact the actual notices accurately informed collective members that “The Court Authorized this Notice,” that it was “not a Solicitation from a Lawyer,” and that “the Court does not take a view about whether you should join the lawsuit and has not determined whether it has any merit.” *See* Dkt. No. 34 at *22, 24; *see also* Troy Decl. ¶ 6. Moreover, it attempted to dissuade Fong from joining the lawsuit by identifying Liu as (without commenting on the accuracy or inaccuracy of the characterization) “the sushi guy who you fighted with” and creating a conflict between Fong and Liu. *See* Exhibit 1; *see also* Troy Decl. ¶ 6. Fong is a former employee of Defendants who has since obtained employment elsewhere—Wong indicated that he intended to drop in on him, presumably to pressure him out of joining this lawsuit. *See* Exhibit 1; *see also* Troy Decl. ¶ 6. Finally, and perhaps most troublingly, Wang admitted to Fong that he was “sending” similar “heads up” to “all his staff,” in an effort to preempt and end-run around the prescribed notice process, evade the Court’s supervision, and taint the collective members’ decision-making as to whether they would join the lawsuit. *See* Exhibit 1; *see also* Troy Decl. ¶ 6.

Fong's case was only the latest in a series of troubling incidents in this vein to come to Plaintiff's counsel's attention, and one that confirmed that what initially appeared to be a pattern of reluctance to opt in was more likely the result of a campaign of coercion. *See* Troy Decl. ¶ 7. On August 18, 2026, a current employee of Red Lotus who requested that Plaintiff's counsel not reveal their identity relayed to Plaintiff's counsel that they were reluctant to opt in for fear of retaliation, including termination. *See* Troy Decl. ¶ 8. On September 4, 2026, that same employee revealed that Wang and Nia were pressuring them to testify in their favor—contrary to their true recollections and sincere beliefs that they and other employees had been systematically underpaid. *See id.* Plaintiff's counsel has also been contacted by three other collective members between August 14, 2026 and September 2, 2026 each of whom initially seemed enthusiastically interested in opting in, but later ceased communicating with Plaintiff's counsel prior to opting in.*See* Troy Decl. ¶ 9. In light of Fong's revelations, it appears to Plaintiff's counsel that they have been coerced into not opting in by the Defendants. *See id.*

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court convene a conference forthwith to address Defendant Wang's conduct, and possible remedies, including but not limited to expedited discovery into Wang's conduct, and/or an extension of the deadline to opt into this matter by sixty (60) days to remedy Wang's conduct.

Dated: September 21, 2026
Flushing, NY

*/s/ John Troy*

John Troy
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355

(718) 762-1324
troylaw@troypllc.com
*Attorney for Plaintiffs*